CHESTER G. ROBINSON, appellant, *vs*. SAMUEL CHASE.

Cumberland. Opinion June 12, 1888.

*Insolvent law. Discharge. Practice. Waiver.*

When, on the return day of the petition of an insolvent debtor for a discharge, a creditor appears to object and files a motion for an extension of time for filing his objections, the court of insolvency has power to grant the motion and fix a future day for filing the objections.

The debtor waives his right to object to the extension if he does not make his objection known until after taking his chances at the trial of the issues raised by the creditor's objections to the discharge.

ON exceptions.

An appeal from a final decree of a court of insolvency denying the appellant a discharge. The point is stated in the opinion.

*Frank and Larrabee*, for the debtor.

*Enoch Knight*, for the creditor.

LIBBEY, J. We feel clear that the court of insolvency on the return day of a notice on the debtor's petition for a discharge had the power to enlarge the time in which creditors might file their objections, to the debtor's right to a discharge. We think it a power inherent in the court having full jurisdiction over the subject matter. But if the debtor had a legal right to object thereto, by making no objection to the extension and appearing at the time fixed for a hearing after the objections were filed and going to trial before the court upon the issues raised by the

objections, he waived any right which he had to object to the extension.  He could not elect to go on without objection and take his chance in the trial of the issues raised, and if the decree should be against him then for the first time in the appellate court claim that the decree should be set aside because the creditors were improperly in court.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.